JUDGE MARRERO      08 CV 5468

Anthony J. Viola
Andre K. Cizmarik
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Plaintiff
750 Lexington Avenue
New York, NY 10022
(212) 308-4411

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

IP HOLDINGS LLC,

        Plaintiff,

    v.

VAPRO INTERNATIONAL S.R.L.,

        Defendant.

-----------------------------------------------------------x

No. 08 CV

**COMPLAINT**

**Plaintiff demands trial by jury**



RECEIVED JUN 17 2008 U.S.D.C. S.D.N.Y. CASHIERS

    Plaintiff IP Holdings LLC ("IP Holdings"), through its undersigned counsel, hereby alleges as follows, on personal knowledge as to its own acts and otherwise on information and belief:

    1.    Plaintiff IP Holdings is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Wilmington, Delaware. IP Holdings' sole member is IP Holdings and Management Corp. which is a Delaware corporation with its principal place of business in Delaware. Pursuant to 28 U.S.C. § 1332(c)(1), IP Holdings and Management Corp. is therefore a citizen of Delaware. IP Holdings is thus a citizen of Delaware.

NYC 301779.1

2. Upon information and belief, defendant Vapro International S.R.L. is an Italian corporation with its principal place of business in Italy, and thus is a citizen of a foreign state. It designs, manufactures and sells, inter alia, perfume and fragrance products.

3. On or about October 31, 2002, Rampage Licensing LLC ("Rampage") entered into a license agreement (the "Agreement") with defendant whereby defendant was licensed the right to use the trademark RAMPAGE® for the design, manufacture and sale of various men's sportswear merchandise, on certain terms and conditions, including inter alia the payment of royalties.

4. Thereafter, on or about September 16, 2005, Rampage assigned all rights and interest in the Agreement to IP Holdings.

5. In or about March 2006, the Agreement was amended, inter alia, to extend the term of the Agreement.

6. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this case is a civil action between a citizen of a state and a citizen or subject of a foreign state, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391(a) and (c) because jurisdiction in this case is premised solely on diversity jurisdiction and because the defendant maintains an office in this district at 8 West 38th Street, New York, New York.

### COUNT I
**(Breach of Contract)**

8. Pursuant to the Agreement, defendant was obligated to make a guaranteed minimum royalty payment and to pay a guaranteed minimum advertising royalty during various times throughout the term of the Agreement, including a payment of $68,750 due on October 1, 2007.

9. Defendant failed to make one or more payments required under the Agreement.

10. In conformity with the Agreement, IP Holdings sent notice of default letter dated November 16, 2007 to defendant advising it of the default under ¶ 11(b)(i) of the Agreement.

11. More than 10 days elapsed since the receipt of the notice of default letter without defendant curing the default or making any effort to do so.

12. Thereafter, on February 13, 2008, IP Holdings sent a letter to defendant confirming termination of the Agreement.

13. As a result of said default, all payments due under the Agreement were accelerated and immediately became due and owing.

14. The amount due under the Agreement, and as a result of said default, is at least $437,500.

15. Also as a result of said default, defendant was required, inter alia, to provide a full accounting of all orders for all: (i) Merchandise (as defined in the Agreement) that defendant had accepted; (ii) Merchandise in production; and (iii) inventory of Merchandise in defendant's possession or control.

16. Defendant has breached the Agreement by failing to make the required accounting and the required payments.

17. Plaintiff has fulfilled all of its contractual obligations under the Agreement.

18. Plaintiff has suffered actual damage in a sum to be proved at trial, but not less than $437,500, exclusive of interest and other damages.

## COUNT II
### (Declaratory Judgment)

19. Plaintiff realleges and incorporates each of the foregoing paragraphs of the complaint.

NYC 301779.1

20. An actual justiciable controversy between plaintiff and defendant exists with respect to the matters set forth herein, as to which plaintiff is entitled to have a declaration of its rights and further relief as set forth herein.

21. Pursuant to ¶11(b) of the license agreement, defendant's failure to cure the default within 10 days of the receipt of the notice resulted in automatic termination of the Agreement without further notice.

22. Notwithstanding the fact that plaintiff was not required to send further notice that the Agreement had been terminated, on or about February 13, 2008, IP Holdings sent a notice of termination letter to defendant advising it that the Agreement had been terminated.

23. Plaintiff is entitled to have a judgment entered declaring that: (i) the Agreement is terminated as of November 26, 2007; (ii) defendant has no rights or interest in the trademark RAMPAGE®; and (iii) plaintiff is entitled to an accounting as set forth in the Agreement.

## COUNT III
(Attorneys Fees Under the Contract)

24. Plaintiff realleges and incorporates each of the foregoing paragraphs of the complaint.

25. Pursuant to paragraph 21(f) of the General Provisions paragraph of the Agreement (at page 19), plaintiff is entitled to reasonable attorneys fees and litigation expenses in connection with this litigation.

26. As a result of defendants' acts and omissions, plaintiff has been required to retain the services of counsel to represent it in this matter, and plaintiff has been forced to incur and is presently incurring attorneys fees and litigation expenses in order to enforce its contract rights.

27. These attorneys' fees and litigation expenses are necessary and reasonable in order to prosecute this matter.

28.     Plaintiff is entitled to award of attorney's fees and litigation expenses under the Agreement, in an amount to be proved at the conclusion of this matter.

WHEREFORE, plaintiff IP Holdings LLC demands judgment of defendant Vapro International S.R.L. for: (i) such actual and punitive damages as it shall prove at trial, together with interest; (ii) a declaratory judgment that the Agreement is terminated, that defendant has no rights or interest in the trademark RAMPAGE® and that plaintiff is entitled to an accounting; (iii) a permanent injunction prohibiting defendant from using the trademark RAMPAGE® in connection with the manufacture, distribution, advertising, promotion, offer for sale and/or sale of any products or merchandise; (iv) an order directing defendant to account to plaintiff; (v) an award of attorneys fees and litigation expenses; (vi) all costs and disbursements of this action; and (vii) such other and further relief in favor of plaintiff and against defendant that the Court deems just and proper.

Dated: June 17, 2008

                                                EDWARDS ANGELL PALMER & DODGE LLP

                                                */s/ Andre K. Cizmarik*

                                                Anthony J. Viola
                                                Andre K. Cizmarik
                                                Attorneys for Plaintiff
                                                750 Lexington Avenue
                                                New York, NY 10022
                                                (212) 308-4411