Yeskoo Hogan & Tamlyn, LLP
535 Fifth Avenue
New York, NY 10017
212-983-0900
Attorneys for Defendant
By: Richard C. Yeskoo

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IP HOLDINGS LLC,                                                    No. 08CV5468(VM)(JCF)
                        Plaintiff,
                                                      Answer

      – against –

VAPRO INTERNATIONAL S.R.L.,

                        Defendant.
-----------------------------------------------------------------X

      VAPRO INTERNATIONAL SRL, by its undersigned attorneys, answers the complaint as follows:

      1.     States that it lacks sufficient knowledge or information to form a belief concerning the truth of the allegations contained in paragraph 1.

      2.     Admits the allegations contained in paragraph 2.

      3.     Admits the allegations contained in paragraph 3.

      4.     States that it lacks sufficient knowledge or information to form a belief concerning the truth of the allegations contained in paragraph 4.

      5.     Admits the allegations contained in paragraph 5.

      6.     States that paragraph 6 is a legal contention to which no response is necessary.

      7.     Denies that plaintiff maintains an office at 8 West 38th Street, NY, NY.

8. Refers to the Agreement for its terms.

9. Denies the allegations contained in paragraph 9.

10. Denies the allegations contained in paragraph 10.

11. Denies the allegations contained in paragraph 11.

12. Denies the allegations contained in paragraph 12.

13. Denies the allegations contained in paragraph 13.

14. Denies the allegations contained in paragraph 14.

15. Denies the allegations contained in paragraph 15.

16. Denies the allegations contained in paragraph 16.

17. Denies the allegations contained in paragraph 17, and avers that plaintiff failed to adequately promote the Rampage brand and failed to timely assist defendant in the relaunch of the product.

18. Denies the allegations contained in paragraph 18.

19. Repeats its responses to paragraphs 1 through 18.

20. Denies the allegations contained in paragraph 20.

21. Denies the allegations contained in paragraph 21.

22. Denies the allegations contained in paragraph 22.

23. Denies the allegations contained in paragraph 23.

24. Repeats it responses to paragraphs 1 through 23.

25. Refers to the Agreement for its terms.

26. Denies the allegations contained in paragraph 26.

27. Denies the allegations contained in paragraph 27.

28. Denies the allegations contained in paragraph 28.

### First Affirmative Defense

29. The court lacks personal jurisdiction over defendant due to improper service.

### Second Affirmative Defense

30. The Agreement provides for arbitration as plaintiff's exclusive remedy for any alleged breach of the Agreement.

### Third Affirmative Defense

31. Plaintiff is barred from maintaining this action in New York uder BCL § 1312 because it does business in New York but is not authorized to do business in New York.

### Fourth Affirmative Defense

32. Plaintiff's claims are barred by its own material breach of the Agreement, in that plaintiff failed to adequately promote the Rampage brand and failed to timely assist defendant in the relaunch of the product

Dated: New York, NY
       August 17, 2008

Yeskoo Hogan & Tamlyn, LLP
Attorneys for Defendant
535 Fifth Avenue
New York, NY 10017
212-983-0900

By: _____
Richard C. Yeskoo (RY7329)